Jessica R. K. Dorman, Esq. (SBN: 279919)
jessica@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Phone Number:          (619) 233-7770
Facsimile Number:      (619) 297-1022

Attorneys for Lawrence R. Bujold and Raychel H. Skeen

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lawrence R. Bujold and Raychel H. Skeen,<br><br>                    Plaintiffs,<br><br>v.<br><br>NCC Business Services, Inc. and The Irvine Company, LLC dba Torrey Ridge Apartment Homes,<br><br>                    Defendants. | **Case No:** '15CV0797 LAB MDD<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter

"FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Lawrence R. Bujold and Raychel H. Skeen, ("Plaintiffs"), through Plaintiffs' attorneys, bring this action to challenge the actions of NCC Business Services, Inc. ("NCC") and The Irvine Company, LLC dba Torrey Ridge Apartment Homes ("Irvine"), (collectively as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

///

///

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

8. Through this complaint, Plaintiffs do not allege that any state court judgment was entered against Plaintiffs in error, and Plaintiffs do not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11. Plaintiffs are residents of San Diego, California.

12. Each of the Defendants regularly operate within the county of San Diego offering their services and/or reaching out to alleged debtors to collect on alleged debts.

13. Defendant The Irvine Company, LLC dba Torrey Ridge Apartment Homes ("Irvine") regularly rents residential properties and collects alleged debts in San Diego County, and did so with Plaintiffs.

14. Defendant NCC Business Services, Inc. ("NCC"), regularly attempts to collect alleged debts against consumers in San Diego County by sending letters and making phone calls to consumers, as NCC did to Plaintiffs as well.

15. Specifically, Irvine and NCC attempted to collect on an alleged debt that Plaintiffs did not owe. Irvine and NCC made efforts to collect the improper debt from Plaintiffs in San Diego County.

16. These services and collection efforts towards Plaintiffs by Defendants in the County of San Diego are the actions that give rise to the claim alleged and

therefore venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2).

17. At all times relevant, Defendants conducted business within the State of California.

18. Because Defendants do business within the State of California, personal jurisdiction is established.

## PARTIES

19. Plaintiffs are natural persons who reside in the City of San Diego, State of California.

20. Plaintiff Lawrence Bujold is a disabled person as that term is defined by Cal. Civ. Code § 1761(g).

21. Defendant NCC is located in the City of Jacksonville, in the State of Florida.

22. Defendant Irvine is located in the City of Newport Beach, in the State of California.

23. Plaintiffs are natural persons allegedly obligated to pay a debt, and are consumers, as that term is defined by 15 U.S.C. § 1692a(3).

24. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

25. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are debtors as that term is defined by California Civil Code § 1788.2(h).

26. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by

California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

27. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

28. Plaintiff Lawrence Bujold at all relevant times was and is totally and permanently disabled with early onset Parkinson's Disease, a progressive, degenerate, incurable neurological disease.

29. During all relevant times referenced in this complaint, Defendants knew or should have known that Plaintiff was a disabled person consistent with the definition provided in Cal. Civ. Code §1761(g).

30. Because this case has been filed to redress unfair or deceptive acts or practices or unfair methods of competition on the part of Defendants, in the event Defendants are found liable for their conduct or omissions, Defendants are liable for treble damages pursuant to Cal Civ Code § 3345.

31. Plaintiffs held a lease for the rental of a residential property with Irvine.

32. In September of 2013, Plaintiffs purchased a home and contacted Irvine to terminate the remainder of the lease with Irvine.

33. In October of 2013, Plaintiffs and Irvine agreed to resolve their dispute as to any rent due and owning by Plaintiffs to Irvine for a total of $2,035.00, to be paid over four (4) monthly payments with $535.00 due on November 1, 2013, then three (3) payments of $500.00 due on December 1, 2013, January 1, 2014, and February 1, 2014.

34. Through this payment plan, Plaintiffs are alleged to have incurred certain financial obligations.

///

35. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

36. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

37. Plaintiffs made their payments to Irvine as agreed and believed that any issues with Irvine were concluded.

38. Subsequently, but before November 28, 2014, the alleged debt was assigned, placed, or otherwise transferred, to NCC for collection.

39. On or about November 28, 2014, NCC mailed a dunning letters to Plaintiffs. A few days later, Plaintiffs received those letter.

40. These communications to Plaintiffs were each a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

41. These communications were each a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

42. This November 28, 2014 letter from NCC alleged that Plaintiffs had fallen behind on their debt, despite the four payments made by Plaintiffs to Irvine, and demanded payment from Plaintiffs in the amount of $500.00.

43. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

///

44. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

45. Additionally, Plaintiffs each received several calls from phone numbers belonging to NCC, where NCC terminated the call when Plaintiffs answered the calls, without any discussion.

46. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

47. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

48. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiffs notified Defendants in writing, that this alleged debt, or some portion of it, was disputed.

49. On or about December 27, 2014, each Plaintiff sent NCC a letter explaining that the debt was in dispute and not owed by Plaintiffs.

50. Further, Plaintiffs each requested verification of the debt in their letters to NCC.

51. At this time, NCC has failed to provide verification of the debt or recant their demand for payment.

52. Due to Defendants' actions, Plaintiffs have suffered actual damages in the form of mental anguish type damages which manifested in several symptoms including but not limited to: stress, anxiety, sleeplessness, nervousness,

restlessness, irritability, frustration, and anger all impacting their work and personal relationships.

53. Further, Plaintiffs are informed and believe that at all times relevant to this action, Defendants knew or should have known that Plaintiff Lawrence Bujold was and is totally and permanently disabled with early onset Parkinson's Disease, a progressive, degenerate, incurable neurological disease and knew or should have known that Defendant's actions would cause Plaintiff's severe stress, anxiety, and distress.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

54. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

55. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

56. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

57. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

58. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

59. As a result of each and every violation of the Rosenthal Act, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- Treble damages pursuant to Cal. Civ. Code § 3345.

60. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: April 10, 2015           By: /s/Jessica R. K. Dorman
                                   Jessica R. K. Dorman
                                   Attorneys for Plaintiffs